NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3092

DELBERT A. HAMIEL,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Delbert A. Hamiel, of Marietta, Georgia, pro se.

Teresa A. Gonsalves, Attorney, Appellate Division, United States Postal Service, of Washington, DC, for respondent. On the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington DC; and Lori J. Dym, Chief Counsel, and David G. Karro, Trial Attorney, Appellate Division, United States Postal Service, of Washington, DC. Of counsel was Leslie Cayer. Ohta, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3092

DELBERT A. HAMIEL,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752060252-B-1.

_____

DECIDED: June 17, 2008

_____

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Delbert A. Hamiel, a letter carrier with the United States Postal Service ("agency"), filed an appeal with the Merit Systems Protection Board ("Board"). He alleged that he was constructively suspended from May 23, 2005, until August 18, 2005, the day he was permitted to return to work following treatment for various medical conditions. The administrative judge found that Mr. Hamiel's absence from work was not a constructive suspension and accordingly dismissed the appeal for lack of

jurisdiction.[1] The administrative judge's initial decision became the final decision of the Board when the Board denied Mr. Hamiel's petition for review.[2] We affirm.

In certain situations, an employee's absence from work without pay may be considered a constructive suspension that is appealable to the Board under 5 U.S.C. § 7512, which provides that suspensions of more than fourteen days are adverse actions within the Board's jurisdiction. Under Board precedent, one such situation arises when an employee who is absent from work for medical reasons requests to return to work with altered duties based on medical restrictions. If the agency is bound by agency policy, regulation, or contractual provision to offer available light-duty work, its failure to do so may constitute an appealable constructive suspension. Baker v. U.S. Postal Serv., 71 M.S.P.R. 680, 691-92 (1996).

It is undisputed that Mr. Hamiel had shoulder surgery on April 13, 2005, and was medically cleared to return to work as of May 23, 2005, with a lifting restriction. At the time, he was also restricted from driving Postal Service vehicles based on an October 2004 diagnosis of narcolepsy. The administrative judge credited the testimony of agency personnel, who stated there was no available work that Mr. Hamiel could safely perform given his medical restrictions. On August 18, 2005, Mr. Hamiel submitted a Work Capability Certificate signed by Dr. W. James that indicated Mr. Hamiel could return to work and identified the duties he could perform. Mr. Hamiel returned to work on that day.

---

[1] Hamiel v. U.S. Postal Serv., No. AT-0752-06-0252-B-1 (M.S.P.B. May 23, 2007).

[2] Hamiel v. U.S. Postal Serv., No. AT-0752-06-0252-B-1 (M.S.P.B. Sept. 10, 2007).

Because there was no available light-duty work that Mr. Hamiel could perform during the period in question, the administrative judge found that the agency did not impermissibly prevent Mr. Hamiel's return to work within his medical restrictions. Therefore, the administrative judge concluded, there had been no constructive suspension and thus no adverse action within the Board's jurisdiction.

Mr. Hamiel argues on appeal that, because the United States Department of Labor accepted his Office of Workers' Compensation Programs ("OWCP") claim, he should have been allowed to return to work on limited duty. The acceptance of Mr. Hamiel's OWCP claim in October 2006, however, does not bear in any way on whether the agency had light duty work available between May 23, 2005, and August 18, 2005. Mr. Hamiel also notes that he is a preference eligible employee and a union member subject to a collective bargaining agreement, but those facts are not relevant to the issue on appeal.

Because Mr. Hamiel has not shown that the administrative judge's decision was unsupported by substantial evidence or was arbitrary, capricious, or an abuse of discretion, see 5 U.S.C. § 7703(c), we affirm the Board's dismissal of his appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.